UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL REYES, et al.,

                Plaintiffs,

vs.

COVER-ALL INC., et al.,

                Defendants.

Case No. 2:07-cv-00148-RCJ-PAL

**ORDER**

(Mtn Toll SOL - #128)

        This matter is before the court on Plaintiffs' Motion for a Toll of the Statute of Limitations (#128) filed May 9, 2008. The court held a status conference (#126) on April 29, 2008, at which Leon Greenberg appeared on behalf of plaintiffs, Matt Durham appeared on behalf of defendant Home Depot U.S.A., Inc. ("Home Depot"), and Larene Pyles appeared on behalf of defendant Cover-All Inc. The court has considered the Motion (#128), Home Depot's Response (#129), and the arguments made by counsel at the April 29, 2008 hearing. No reply was filed and the time for filing one has run.

**BACKGROUND**

        Plaintiffs originally filed their Complaint in the United States District Court for the District of Central California in September 2006, and the case was transferred to this court in February 2007. At a status conference on May 22, 2007, the court ordered plaintiffs to file a motion for circulation of notice of a 29 U.S.C. § 216(b) collective action within 30 days, and plaintiffs filed such a motion (#36) on June 19, 2007.

        The court entered an order (#68) August 27, 2007 approving plaintiffs' motion (#36) to circulate notice of the pendency of this action to Cover-All employees, but denying their request to circulate the notice to independent contractors. The order (#68) also required the parties to meet and confer in a

1  good faith effort to arrive at a mutually acceptable form of notice, and stated that the parties should file
2  their mutually acceptable or competing proposed forms of notice with the court by September 7, 2007.
3  The court also denied plaintiffs' request to equitably toll the statute of limitations for the period of time
4  the motion (#36) had been pending because the plaintiffs had waited over four months to file the
5  motion for collective action certification, and only then because the court had ordered plaintiffs to do
6  so, and because plaintiffs failed to show that other potential plaintiffs were prevented from asserting
7  their claims due to wrongful conduct by the defendants or extraordinary circumstances.
8        The parties filed their competing proposed forms of notice (## 74-76) on September 7, 2008.
9  On September 14, 2007, defendants filed objections (## 78, 79) to the court's order (#68).  The court
10 denied defendants' objections (## 78, 79) in an order (#119) entered March 19, 2008.  On March 27,
11 2008, the court entered a stay (#31) of this case until May 15, 2008 to allow the parties to resolve this
12 matter.  At a status conference (#126) on April 29, 2008, counsel for plaintiffs requested that the court
13 equitably toll the statute of limitations from September 7, 2007 until circulation of the notice of
14 collective action.  The court ordered plaintiffs to file a motion for equitable tolling within ten days.
15 Plaintiffs filed the instant motion (#128) to equitably toll the statute of limitations on May 9, 2008.  On
16 May 20, 2008, the court entered an order (#130) requiring plaintiffs' counsel to circulate a Notice of
17 Pendency and Consent to Joinder in this matter in the form attached as Exhibit "A" to the order (#130).
18       Plaintiffs argue in their motion (#128) that the statute of limitations should be equitably tolled
19 for the period of time the defendants' objections were pending.  According to plaintiffs, defendants'
20 objections limited the court's order (#68) requiring the notice to be circulated by September 7, 2007 by
21 delaying circulation of the notice until after the court ruled on defendants' objections.  Although four
22 individuals filed consents with the court on April 4, 2008, plaintiffs argue other potential "opt in"
23 plaintiffs may not be aware of this case because the notice was not circulated at the proper time.
24 Moreover, Judge Jones ordered an equitable toll of the statute of limitations under similar
25 circumstances in <u>Williams v. Trendwest Resorts</u>, 2:05-cv-00605-RCJ-LRL.
26       In response (#129), defendant argues the court should deny plaintiffs' request because this case
27 does not present the rare situation in which a federal court should equitably toll the statute of
28 limitations.  First, defendants' exercise of their statutory right to object to the undersigned Magistrate

Judge's order does not amount to "wrongful conduct" and defendants' objections did not prevent additional plaintiffs from filing their consents with the court. Second, the fact that some plaintiffs may have not have been aware of this action does not present the type of "extraordinary circumstances" in which tolling is allowed. Finally, the circumstances in Williams are distinguishable from those presented here.

## DISCUSSION

The doctrine of equitable tolling applies only in rare situations. Alvarez-Machin v. United States, 107 F.3d 696, 701 (9th Cir. 1996).

> Federal courts have applied the doctrine of equitable tolling in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.

Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1140 (D. Nev. 1999), citing, Alvarez-Machin, 107 F.3d at 701.

Neither of the rare situations in which equitable tolling is allowed exist here. First, plaintiffs have failed to show that defendants engaged in wrongful conduct that would prevent plaintiffs from asserting their claims if the statute of limitations is not equitably tolled. Defendants exercised their right under federal law and the local rules to file objections to the ruling of a United States Magistrate Judge. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1); LR IB 1-4. The exercise of statutory rights simply does not amount to "wrongful conduct" warranting a corresponding equitable tolling of the statute of limitations. Additionally, defendants' conduct did not prevent potential plaintiffs from asserting their claims because four additional plaintiffs filed consents (#120) with the court during the time period at issue here.

Second, the plaintiffs have not demonstrated "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Bonilla, 61 F. Supp. 2d at 1140. Plaintiffs acknowledge that they waited over four months to file a motion for circulation of a collective action notice, and only then because the court set a deadline for plaintiffs to file the motion. Neither the delay caused by defendants' objections nor the fact that some potential plaintiffs might have been unaware of this action constitute "extraordinary circumstances" which prevented the timely filing of claims.

The circumstances presented here are also distinguishable from <u>Williams</u>.  In that case, the Magistrate Judge's Report of Findings and Recommendation defined the putative class, in part, as "employees of Trendwest whose primary or exclusive duty is or was conducting sales . . . ." (#71 at 10, 2:05-cv-00605-RCJ-PAL)  The defendants did not object to this portion of the class definition, but refused to provide plaintiffs with the names and addresses of sales managers because the defendants argued that these employees' primary duties were not conducting sales.  The court disagreed and ordered the defendants to provide plaintiffs with the names and addresses of the sales managers and equitably tolled the statute of limitations for these individuals.  Here, by contrast, defendants have merely exercised their right to object to the undersigned's order.  Equitable tolling is not warranted under these circumstances.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for a Toll of the Statute of Limitations (#128) is **DENIED**.

Dated this 3rd day of June, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE