**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL REYES, )<br>                                          )<br>                    Plaintiff, )<br>                                          )<br>vs.                                       )<br>                                          )<br>COVER-ALL, INC., et al.,            )<br>                                          )<br>                    Defendants. )<br>_____ ) | Case No. 2:07-cv-00148-RCJ-PAL<br><br>**REPORT OF FINDINGS AND<br>RECOMMENDATION** |

This matter is before the court on Plaintiffs' Armando Leals Perez's, Apoliner Juarez Albino's, and Joel Monge's failure to comply with this court's Order (Dkt. #197) and Order to Show Cause (Dkt. #200).

On October 27, 2010, the court granted attorney Leon Marc Greenberg's Motion to Withdraw (Dkt. #196) and gave Plaintiffs Perez, Albino, and Monge until December 13, 2010, in which to retain counsel or file a notice with the court that they would be appearing in this matter *pro se*. *See* Order, Dkt. #197. The Order directed the Clerk of the Court to serve Plaintiffs with a copy of the order at the last known addresses provided by their former counsel and advised Plaintiffs that their failure to timely comply with the order "may result in the recommendation to the District Judge for sanctions, including case-dispositive sanctions." Plaintiffs failed to either retain counsel or file a notice with the court that they will be appearing in this matter *pro se* and did not request an extension of time in which to comply with the court's Order.

On December 1, 2010, the court entered an Order to Show Cause (Dkt. #200) based on Plaintiffs' failure to comply with the court's previous Order (Dkt. #197). The court directed Plaintiffs to show cause in writing no later than December 13, 2010, why they had not complied with the court's Order (Dkt. #197). Plaintiffs have failed to file a response to the Order to Show Cause (Dkt. #200), and

they have not requested an extension of time in which to do so.  Plaintiffs willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than default judgment are unavailable because Plaintiffs have wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiffs Perez's, Albino's, and Monge's claims be DISMISSED.

Dated this 20th day of December, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.